IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L. IVAN POBLETE,<br>4130 16th Street, N.W.<br>Washington, D.C. 20011-7004<br><br>    Plaintiff,<br><br>v.<br><br>RITTENHOUSE MORTGAGE BROKERS<br>2101 Pine Street<br>Philadelphia, PA 19103<br><br>CLOSELINE, L.L.C.<br>1300 Piccard Drive, # L-105<br>Rockville, MD 20850<br><br>and<br><br>AURORA LOAN SERVICES, LLC<br>601 5th Avenue, P.O. Box 4000<br>Scottsbluff, NE 69363,<br><br>    Defendants. | Case No.: |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. § 1441(a), defendant Aurora Loan Services, LLC ("Aurora"), hereby removes the above-captioned lawsuit from the Superior Court of the District of Columbia, where it is currently pending, to the United States District Court for the District of Columbia. As grounds for the removal of this case, Aurora states as follows:

1. On or about April 30, 2008, plaintiff L. Ivan Poblete commenced this action against Aurora and others by filing a Complaint in the Superior Court of the District of Columbia, Civil Action No. 2008-CA-003307.

2. Though not entirely clear, the Complaint appears to arise out of the origination of a mortgage loan that plaintiff obtained at some unspecified time.

3. Plaintiff purports to allege the following three causes of action: (1) fraud, (2) violation of the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), and (3) gross negligence.

4. Pursuant to 28 U.S.C. § 1441(b), this action is removable both because the Complaint presents a federal question and because none of the defendants is a citizen of the District of Columbia.

5. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because the Complaint presents a federal question; specifically, plaintiff asserts that defendants violated RESPA. Compl. at 5.

6. In addition, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

7. Upon information and belief, plaintiff is a citizen of the District of Columbia. Compl. at 1.

8. Aurora is a Delaware corporation that maintains its principal place of business in Colorado. Accordingly, Aurora is a citizen of the States of Delaware and Colorado within the meaning of 28 U.S.C. § 1332(c)(1).

9. Upon information and belief, defendant Rittenhouse Mortgage Brokers is a Pennsylvania corporation that maintains its principal place of business in Pennsylvania. Compl. at 1. Accordingly, Rittenhouse Mortgage Brokers is a citizen of the Commonwealth of Pennsylvania within the meaning of 28 U.S.C. § 1332(c)(1).

10. Upon information and belief, defendant Closeline, LLC, is a Maryland corporation that maintains its principal place of business in Maryland. Compl. at 1. Accordingly, Closeline, LLC, is a citizen of the State of Maryland within the meaning of 28 U.S.C. § 1332(c)(1).

11. The amount in controversy exceeds $75,000. As set forth in the Complaint, plaintiff seeks compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000.00) and punitive damages in the amount of Ten Million Dollars ($10,000.000.00). Compl. at 6.

12. Aurora was served with a summons and copy of the Complaint on May 2, 2008. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days of Aurora's receipt of a summons and the Complaint.

13. Upon information and belief, neither Rittenhouse Mortgage Brokers nor Closeline, LLC, has been served with process.

14. The Superior Court of the District of Columbia is located within the District of Columbia and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 88 because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

15. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Aurora is submitted herewith. *See* Exhibit A, attached hereto.

16. Upon the filing of this Notice of Removal, Aurora shall furnish written notice thereof to plaintiff, and shall file and serve a copy of this Notice with the Clerk of the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1446(d).

                                Respectfully submitted,

                                WEINER BRODSKY SIDMAN KIDER PC

By: _____
David M. Souders (DC Bar No. 441491)
Sandra B. Vipond (DC Bar No. 465702)
1300 Nineteenth Street, NW, Fifth Floor
Washington, DC  20036
(202) 628-2000 (telephone)
(202) 628-2011 (facsimile)

Attorneys for Defendant Aurora Loan Services, LLC

Dated:  May 22, 2008

F:\98012\039\lsbv659.brf(Remove).doc

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of May, 2008, a copy of the foregoing Notice of Removal was served upon the following parties and counsel of record by first class, United States Mail, postage prepaid:

William S. Bach, Esq.
717 D Street, N.W., Suite 400
Washington, D.C. 20004

Rittenhouse Mortgage Brokers
2101 Pine Street
Philadephia, PA 19103

Closeline, LLC
1300 Piccard Drive, #L-105
Rockville, MD 20850

_____
Hazel Berkoh

# EXHIBIT A

# TO

# DEFENDANT AURORA LOAN SERVICES, LLC'S NOTICE OF REMOVAL

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

L. IVAN POBLETE
4130 16 th street, N.W.
Washington, D.C.20011-7004
    Plaintiff,
Vs.

    \*    2008 CA

APR   2008

RITTENHOUSE MORTGAGE
BROKERS,
2101 Pine Street
Philadelphia, PA 19103

    \*    08-0003307

CLOSELINE , L.L.C.
1300 Piccard Dr. # L-105
Rockville, MD 20850

    \*

Acct # 0 045241056
Acct # 0045240702

AURORA LOAN SERVICES
A LEHMAN BROTHERS
COMPANY, dba Lehman Brothers Bank
FSB. A Federal Savings Bank
601 5th. Avenue, P.O. Box 4000
Scottsbluff , NE 69363

    \*

    \*

RECEIVED

MAY 6

AURORA LOAN SERVICES
LEGAL DEPARTMENT

COMPLAINT FOR FRAUD AND DISHONEST TRADE TRANSACTIONS AND
FALISIFACTION OF LOAN DOCUMENTS

The Plaintiff , IVAN POBLETE  (further referred to as ) IVAN.

The property in question is 4130 16th. street, N.W., Washington. D.C. 20011

This court has jurisdiction in all issues presented in this law suit.

Suit is filed by William S. Bach, Esquire and avers the following facts in this

case and declares them true. All the Defendants are jointly and severally liable.

A.                           FACTS

1. This law suit involves a large mortgage scam that has spread in the Mid-Atlantic states which has bilked homeowners of billions of dollars of lost equity,

1

and threatens these families with imminent foreclosure. Defendants did willfully participate; these so-called real estate professionals, mortgagees, licensed mortgage brokers, realtors, title insurance companies, lawyers, and settlement agents who orchestrated the whole scheme.

2. Hundreds of Maryland, Virginia and the District Of Columbia families entered into refinancing their homes was not fully advised as to the real terms of the mortgage. Interest and fees were not as presented in the initial negotiations that were finally were settled on.

3. This law suit was facilitated by real estate professionals whose sole motive was to enrich themselves and their extravagant lifestyles at the expense of hard working citizens of the District of Columbia.

4. In this case are systematic of the 2,000 cases in Prince Georges County and the Washington Metropolitan area.

Defendants by fraudulent and deceptive business practices jointly and severally used a bait and switch tactics and made a loan that could not be paid by Plaintiff.

Plaintiff, was to receive a market interest rate and did not get the rate as quoted by the mortgage brokers. The real estate professionals reduced their liability and created a false transaction on paper which appeared to be legitimate but were actually an elaborate scheme to defraud homeowners. Wall Street packaged the loans and put their approval on them as good investments. The over seas banks and their depositors were just were defrauded to as to the quality of the loans. Loans were sold as triple A investments. European Banks could not protect themselves or their depositors as they purchased billions of dollars in sub prime loans.

5. The Mortgage Brokers received the yield spread premium and acted with malice, intent, knowledge and other condition of mind are averred by Plaintiff.

6. The negative impact for all homeowners in the District Of Columbia as a result of this scam. Hundreds of homeowners will lose their homes and neighborhoods will lose millions in home values and impact the entire city.

## CHARGE I. FRAUD

The Defendant, Rittenhouse Mortgage Brokers, Inc Negotiated a loan without

checking the income of IVAN. Ivan was not a qualified buyer and the interest only loan was tailored to make it possible to just close it. Mortgagee knowingly and intentionally made fraudulent representations and misrepresentations and omission of material fact in order to induce Plaintiff to enter the transaction. Plaintiff reasonably relied on the representation in executing the subject loan transaction.

Defendants carried out a systematic scheme that affected minorities and individuals who lacked the full knowledge of real estate fees and true cash flow expectations. Ivan was was set up for a default from day one. Defendant Lehman's Bank and Aurora Loan Services would arrange for mortgages for substantially more than the value of the property. Ivan's loans were $ 898,400.00 first loan and a second deed of trust in the amount of $101,000.00. This was a 100% loan to an unqualified buyer and outrageous fees and charges at the time of closing were gorged from the borrower.

The certification of stated income was false ( $ 41,396.00) or ($ 496,752.00). per year and was never substantiated by any of the Defendants.

The Lehman Bothers charged at closing $ 112.00 for real estate tax monitoring services and collected $ 3,758.34 at closing.

Bank failed to pay taxes causing Ivan $10,000.00 in late fees and costs to avoid a tax sale of his home.

Tcor Title Insurance charged double fees for title insurance in the amount of $ 454.00 at closing for the second loan. Fees paid to the Mortgage Broker were $27,225.62 and additions fee paid by the Bank for the increase in interest on both loans. Mortgage Broker worked both sides of the loan transaction. Mortgage

**Broker was not licensed to do business in Washington, D.C..**

Plaintiff is in possession of the property and has continued to improve the Property. Plaintiff has suffered substantial economic harm including but not limited to
\
the possible loss of his home. The interest rates were not competitive but unreasonable.

The Refinance scam orchestrated by the Defendants jointly and severally, created a conspiracy which they all benefited ; including the lawyers, and brokers who received finders fees.

This case is about a well organized and far reaching foreclosure rescue scheme designed by the defendants jointly. The loans were improperly, unfairly and illegally made and all were enriched by willful, systematic and taking illegal advantage of Plaintiff.

The Foreclosure Reversal Program was a criminal conspiracy which was made up of an association consisting of the individual defendants in this case. The Defendants have engaged in willful, systematic and widespread violations of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO). The Real Estate Settlement Procedures Act (RESPA). RICO provides protections against patterns of racketeering, which consist of the repeated violations of predicate acts which are criminal in nature including mail fraud and wire fraud.

RESPA is a consumer protection statute that regulates the settlement procedure in real estate transactions, which requires the consumers, both buyers and sellers, receive full disclosure at various times in the transaction, and which outlaws kickbacks or unearned fees as in this case and the true costs at the settlement table. Selected and

4

identified settlement companies which were known to have overlook the standard closing formalities.

Plaintiff's loan was an illegal transaction. Mortgagee received huge fees paid to Loan Brokers. There was a lack of prudence shown by the title company and or its agents. Title company closed so many others similar loan that they had to know what was going on and stopped it. The Defendants had a duty of fair dealing and they acted only to fill their pockets.

The HUD documents showed large amounts of fees and costs paid to the Defendants and no one questioned them amounts.

COUNT II
VIOLATION OF THE FERAL REAL ESTATE SETTLEMENT PROCEEDURES ACT
(RESPA) 12 U.S.C. § 2601, et seq.
ALL DEFENDANTS

Plaintiff re-alleges and incorporates by reference the foregoing allegations. Defendants jointly engaged in procuring and provided closing, title or settlement servicing concerning residential mortgage loans, including " federally related mortgage loans" as that phrase is defined by RESPA at 12 U.S.C §2602 and at 24 C.F.R. § 3500.2 (3), involving the named Plaintiff. There was never any proper disclosures made to Plaintiff in direct violation of the code.

The specific violation of RESPA § 8 (a) ,12 U.S.C. § 2607 (a).

COUNT III

GROSS NEGLIGENCE
(AGAINST RITTENHOUSE MORTGAGE BROKERS ONLY)

5

Plaintiffs re allege and incorporate by reference the fore going allegations. Rittenhouse Mortgage Brokers had a duty to protect Plaintiff and should have exercised due diligence but was captivated by the profits in the transaction they were to monitor and never inquired as to the obvious fees paid and who the real party who would suffer. Broker worked both sides of the loan and represented the mortgagee by setting high interest rates.

The HUD 1 disbursements were fraud in fact and did comport with the obvious reality of the closing amounts and Ivan was blind to them. Brokers and Bank loan officers had a duty to explain the fees and payments. Their were obvious constructive notice of the outrageous irregularities and illegalities apparent to all with the exception of Plaintiff. The attorney willfully blinded herself along with the closing agent to the obvious illegalities in the transaction. As agents for the title company they acted in a wonton disregard for the rights of the Plaintiff and are subject to the damages claimed in this matter

WHEREFORE , Ivan Poblete requests this Court award him $500,000.00 in Compensatory damages, and $ 10,000,000.00 in Punitive damages and costs and attorney fees in the amount of 25% and other fees such and further relief as the nature of this case may require.

Respectfully submitted,

William S. Bach, Esquire
717 D. Street, NW # 400
Washington, DC. 20004
301-737-2930 Bar # 448392
Attorney For Plaintiff

6

## REQUEST FOR A JURY TRIAL

Plaintiff Demands a trial by jury on all causes of action set forth herein.

_____
William S. Bach.

Acf#00452 4 pg 6    Act # 00 4524 0 702



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

L. IVAN POBLETE
Vs.                                                              C.A. No.    2008 CA 003307 R(RP)
RITTENHOUSE MORTGAGE BROKERS et al

## **INITIAL ORDER AND ADDENDUM**

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                                                                Chief Judge Rufus G. King, III

Case Assigned to:  Judge GERALD I FISHER
Date:   April 30, 2008
Initial Conference: 9:30 am, Friday, August 15, 2008
Location:  Courtroom 519
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

L. IVAN HUBLETE
4130 16th Street, N.W.
Washington, D.C. 20011-7004

*Plaintiff*

vs.

AURORA LOAN SERVICES
a Lehman Brothers Company, dba
Lehman Brothers Bank
FSB, A Federal Savings Bank
601 5th Avenue,
Scottsbluff, N.E. 69363

*Defendant*

Civil Action No. 08-0003307

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Name of Plaintiff's Attorney
717 D Street, N.W., #400
Washington, D.C. 20004
Address

202-7372900
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  4/30/2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

L. Ivan Poblete

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Rittenhouse Mortgage Brokers, Closeline, LLC, Aurora Loan Services, LLC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William S. Bach
717 D Street, N.W., Suite #400
Washington, DC 20004
(301) 737-2930

## ATTORNEYS (IF KNOWN)

David M. Souders (Attorney for Def. Aurora Loan Services)
Weiner Brodsky Sidman Kider PC
1300 19th Street, N.W., Fifth Floor
Washington, DC  20036    Tel:  (202) 628-2000

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⦿ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ⦿ E. *General Civil (Other)*    OR    ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☒ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ○ 1 Original Proceeding
- ● 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Plaintiff alleges violation of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 500,000.00   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE May 22, 2008   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.