## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L. IVAN POBLETE,<br><br>    Plaintiff,<br><br>v.<br><br>RITTENHOUSE MORTGAGE<br>BROKERS, INC., *et al.*,<br><br>    Defendants. | Case No.:  1:08-CV-00874 (RMU) |

### DEFENDANT AURORA LOAN SERVICES, LLC'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Aurora Loan

Services, LLC ("Aurora"), respectfully moves this Court to dismiss plaintiff's Complaint for

failure to state a claim upon which relief may be granted.  As support for this Motion, Aurora

incorporates by reference herein the attached Memorandum of Points and Authorities.  A

proposed Order is also attached.

Respectfully submitted,


/s/ David M. Souders
David M. Souders (DC Bar # 441491)
Sandra B. Vipond (DC Bar # 465702)
WEINER BRODSKY SIDMAN KIDER PC
1300 19th Street, N.W., Fifth Floor
Washington, DC  20036
(202) 628-2000

Attorneys for Defendant Aurora Loan Services,
LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| L. IVAN POBLETE,<br><br>    Plaintiff,<br><br>v.<br><br>RITTENHOUSE MORTGAGE<br>BROKERS, INC., *et al.*,<br><br>    Defendants. | Case No.:  1:08-CV-00874 (RMU) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT AURORA LOAN SERVICES,
LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

The instant action represents a shameless attempt by plaintiff to hold others responsible for first and second lien mortgage loans he obtained through deceit and now cannot repay. Plaintiff sought a refinance loan for his property in the District of Columbia.  As part of the loan application process, plaintiff signed a certification stating that his monthly income was $41,396.00.  The certification specifically informed plaintiff that the lender would not verify his income and that the loan would cost more than a loan where plaintiff documented his income for the lender.  In his Complaint, plaintiff alleges that the certification was "false," and he chides defendants for not substantiating his income.  In short, plaintiff is attempting to deflect blame for his failure to disclose his income honestly and his resulting inability to repay his mortgage loans.

As set forth more fully below, pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's Complaint is subject to dismissal as against Aurora.  First, plaintiff's fraud claim consists of conclusory

allegations that do not meet the heightened pleading requirements for such claims. Second, plaintiff's claim for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA"), is both time-barred and also fails to state a claim upon which relief may be granted.[1]

For these reasons, the Court should dismiss plaintiff's Complaint in its entirety as against Aurora for failure to state a claim upon which relief may be granted.

### FACTUAL BACKGROUND

For purposes of this motion to dismiss, Aurora accepts as true the following factual allegations set forth in the Complaint. Plaintiff is the owner of property located at 4130 16th Street, N.W., Washington, D.C. 20011 ("Property"). Compl. at 1. Defendant Rittenhouse Mortgage Brokers, Inc. ("Rittenhouse") assisted plaintiff with obtaining a mortgage loan for the Property. *Id*. at 2. In negotiating the loan, Rittenhouse never verified plaintiff's income. *Id*. at 2-3. Further, plaintiff alleges that the "certification of stated income," which indicated that plaintiff earned $41,396.00 per month (or $496,752.00 per year), was "false" and "was never substantiated by any of the Defendants." *Id*. at 3. Plaintiff obtained first and second lien loans from Aurora in the amounts of $898,400.00 and $101,000.000, respectively. *Id*. Plaintiff was to receive a "market interest rate," but now claims he did not receive the rate quoted by Rittenhouse. *Id*. at 2. Plaintiff further alleges that he was not qualified for the "interest only" loan he obtained and that he was charged "outrageous fees and charges" at the time of closing. *Id*. at 3. According to plaintiff: "This case is about a well organized and far reaching foreclosure rescue scheme designed by defendants jointly. The loans were improperly, unfairly and illegally

---

[1] Count Three of the Complaint, alleging gross negligence, is not pled against Aurora.

3

made and all were enriched by willful, systematic and taking illegal advantage of Plaintiff." *Id.*
at 4.

Based on these thin – not to mention, self-incriminating – allegations, plaintiff purports to
state causes of action for fraud and violation of RESPA against all defendants, and gross
negligence against Rittenhouse only.

### LEGAL STANDARD

The purpose of Rule 12(b)(6) is to test the legal sufficiency of the Complaint. *Browning
v. Clinton*, 292 F.3d 235, 241 (D.C. Cir. 2002). In reviewing a Complaint, the court "must accept
as true all of the factual allegations contained in the complaint." *Kassem v. Washington Hosp.
Center*, 513 F.3d 251, 253 (D.C. Cir. 2008). While the court must accept the factual allegations
of the Complaint as true, "the court need not accept inferences drawn by plaintiffs if such
inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal
conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16
F.3d 1271, 1276 (D.C. Cir. 1994). In addition to the facts alleged in the Complaint, the Court
may consider "'any documents either attached to or incorporated in the complaint and matters of
which [the Court] may take judicial notice.'" *Trudeau v. Federal Trade Comm'n*, 456 F.3d 178,
183 (D.C. Cir. 2006) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25
(D.C. Cir. 1997)).

Rule 9(b) imposes a heightened pleading requirement for fraud claims, requiring that in
"all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated
with particularity." Fed. R. Civ. P. 9(b). "The D.C. Circuit has construed Rule 9(b) to require
that the pleader must 'state the time, place and content of the false misrepresentation, the fact
misrepresented and what was retained or given up as a consequence of the fraud.'" *Cadet v.*

4

*Draper & Goldberg, PLLC*, No. 05-2105 (JDB), 2007 WL 2893418, at *5 (D.D.C. Sept. 28,

2007) (quoting *Kowal*, 16 F.3d at 1278). In other words, a plaintiff must plead the "who, what,

when, where, and how" with respect to the alleged fraud in order to comply with Rule 9(b).

*Antoine v. U.S. Bank Nat. Ass'n*, No. 07-1518 (RMU), 2008 WL 1800714, at *4 (D.D.C. Apr. 22,

2008) (citations omitted).

## ARGUMENT

## I.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST AURORA FOR FRAUD

Plaintiff does not meet the particularity requirements for pleading a claim of fraud against

Aurora. For Count I of the Complaint, plaintiff makes the following allegation against Aurora:

"Mortgagee knowingly and intentionally made fraudulent representations and misrepresentations

and omission of material fact in order to induce Plaintiff to enter the transaction. Plaintiff

reasonably relief on the representation in executing the subject loan transaction." Compl. at 3.

Plaintiff does not specify, however, what the alleged fraudulent representations were, let alone,

who made the statements, when they were made, where they were made, or how they were made.

*Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 73 (D.D.C. 2002) ("Conclusory allegations

that a defendant's actions were fraudulent or deceptive do not satisfy Rule 9(b)."); *see also*

*Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 116, 137 (D.D.C. 2008) ("[A] plaintiff

claiming fraud through 'suppression of facts' must identify the facts concealed and/or acts of

concealment with particularity.").

Plaintiff also labels himself an "unqualified" buyer and claims that the "certification of

stated income," indicating that plaintiff earned $41,396.00 per month, was "false" and "was

never substantiated by any of the Defendants." Compl. at 3. Even construing the allegations of

the Complaint in the light most favorable to plaintiff, this allegation of a false certification cannot

serve as the basis for a fraud claim against Aurora. First, it was *plaintiff*, not Aurora, who represented that plaintiff's income was $41,396.00 per month. *See* Certification for Stated Income Loan ("Certification"), attached as Exhibit 1 hereto.[2] Not only did plaintiff sign this Certification declaring that his monthly income was $41,396.00, but the Certification specifically informed plaintiff that the lender would not be verifying his income and that, as a result, his loan would cost more. The Certification plainly states: "You have applied for a 'stated income loan,' which means that the lender has not contacted your employer or other provider of income to verify that this is your actual monthly income. This loan will cost you more than a loan where you document your income for the lender." *Id.* Thus, plaintiff's contention that the Certification was "false" is a self-incriminating statement that does not implicate Aurora in any way.

Finally, plaintiff's conclusory allegations that "[t]his case is about a well organized and far reaching foreclosure rescue scheme designed by defendants jointly" and that the loans he obtained were "improperly, unfairly and illegally made," Compl. at 4, are woefully insufficient to state a claim for fraud against Aurora.[3]

Accordingly, the Court should find that plaintiff has failed to state a claim for fraud against Aurora and dismiss Count I.

---

[2] Because this document is referenced and incorporated in the Complaint, the Court properly may consider it in ruling on Aurora's motion to dismiss. *Trudeau*, 456 F.3d at 183.

[3] Though not a separate count in the Complaint, plaintiff alleges within his fraud count that "Defendants have engaged in willful, systematic and widespread violations of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO)." Compl. at 4. Obviously, this bare allegation is grossly inadequate to state a claim for violation of RICO. *Prunte v. Univ. Music Group*, 484 F. Supp. 2d 32, 43 (D.D.C. 2007) (heightened pleading standard in Rule 9(b) applicable to civil RICO claims).

## II.    PLAINTIFF'S RESPA CLAIM IS TIME-BARRED AND FAILS TO STATE A CLAIM AGAINST AURORA

Plaintiff's RESPA claim consists of the sole assertion that "[t]here were never any proper disclosures made to Plaintiff in direct violation of [RESPA].  The specific violation of RESPA § 8 (a), 12 U.S.C. § 2607(a)."  Compl. at 5.

First, as an initial matter, plaintiff's RESPA claim is barred under the applicable statute of limitations.  Claims brought under § 2607 must be filed within one year from the date of the alleged violation.  12 U.S.C. § 2614.  *See, e.g., McKay v. Sacks*, No. 05-CV-2307, 2005 WL 1206810, at * 4 (E.D.N.Y. May 20, 2005) (stating that RESPA has a one-year statute of limitations and that "[i]t is well settled that in 'closed-end credit' transactions, such as a mortgage loan, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement.").  According to the HUD-1 Settlement Statement for plaintiff's loan, the loan closing occurred on January 29, 2007.[4]  Plaintiff did not file the instant action, however, until April 30, 2008, more than one year later.  Therefore, plaintiff's claim is time-barred.

Second, plaintiff's allegations do not state a claim against Aurora for violation of the specified RESPA section, 12 U.S.C. § 2607(a).  Section 2607 is entitled "Prohibition against kickbacks and unearned fees."  Subsection (a) of § 2607, entitled "Business referrals," provides:

> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

12 U.S.C. § 2607(a).

---

[4] The Court may consider the HUD-1 Settlement Statement since it is referenced in the Complaint, *see* Compl. at 5 ("The HUD documents showed large amounts of fees and costs paid to the Defendants"), and is integral to plaintiff's claims. *Trudeau*, 456 F.3d at 183.

Although plaintiff alleges that he incurred "outrageous fees and charges at the time of the closing," Compl. at 3, and that "[t]he HUD documents showed large amounts of fees and costs paid to the Defendants," *id.* at 5, there are no allegations in the Complaint that Aurora either gave or accepted any "fee, kickback, or thing of value" in connection with an agreement for referral of business. Absent such allegations, plaintiff has not stated a claim for violation of § 2607(a).

Third, while plaintiff claims that he did not receive "proper disclosures" under § 2607(a), in fact, that subsection does not require any disclosures. While it is true that RESPA requires that a lender provide, prior to consummation, a good faith estimate of the charges a borrower is likely to incur, *see* 12 U.S.C. § 2604(c), there is no private right of action available for an alleged violation of this section. *See, e.g.*, *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997); *Carr v. Home Tech Co.*, 476 F. Supp. 2d 859, 869 (W.D. Tenn. 2007); *Chow v. Aegis Mortg. Corp.*, 286 F. Supp. 2d 956, 962 (N.D. Ill. 2003).[5]

Thus, the Court should find that plaintiff's RESPA claim is barred by the applicable statute of limitations and that plaintiff has failed to state a claim upon which relief may be granted as against Aurora.

## CONCLUSION

Plaintiff's attempt to blame others for his admittedly "false" income certification is nothing short of astounding. Moreover, the facts pled do not support plaintiff's assertion that Aurora engaged in fraudulent conduct or that it violated RESPA. To the contrary, the facts make clear that plaintiff cannot maintain a fraud or RESPA claim against Aurora and that plaintiff's RESPA claim is time-barred as a matter of law. Accordingly, for all of the foregoing reasons,

---

[5] For the record, Aurora disputes plaintiff's assertion that he was not provided with proper disclosures in connection with his loans. For purposes of this motion to dismiss, however, that dispute is of no consequence.

Aurora respectfully requests that the Court grant its Motion and dismiss plaintiff's Complaint against it.

                                        Respectfully submitted,


                                        /s/ David M. Souders
                                        David M. Souders (DC Bar # 441491)
                                        Sandra B. Vipond (DC Bar # 465702)
                                        WEINER BRODSKY SIDMAN KIDER PC
                                        1300 19th Street, N.W., Fifth Floor
                                        Washington, DC  20036
                                        (202) 628-2000

                                        Attorneys for Defendant Aurora Loan Services,
                                        LLC

Dated:  May 30, 2008

F:\98012\039\lsbv662.brf(Dismiss).doc

## CERTIFICATE OF SERVICE

I hereby certify on this 30th day of May, 2008, that the foregoing Defendant Aurora Loan

Services, LLC's Motion to Dismiss Plaintiff's Complaint was filed electronically and served on

the following counsel of record by operation of the Court's ECF system:

William S. Bach, Esq.
717 D Street, N.W., Suite 400
Washington, D.C. 20004

I further certify on this 30th day of May, 2008, that a copy of the foregoing was served on

the following parties not registered with the Court's ECF system via first-class mail, postage

prepaid:

Rittenhouse Mortgage Brokers
2101 Pine Street
Philadelphia, PA 19103

Closeline, LLC
1300 Piccard Drive, #L-105
Rockville, MD 20850

/s/ David M. Souders
David M. Souders (DC Bar # 441491)

# EXHIBIT 1

# TO

# DEFENDANT AURORA LOAN SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT



# CERTIFICATION FOR STATED INCOME LOAN

You have applied for a "stated income loan", which means that the lender has not contacted your employer or other provider of income to verify that this is your actual monthly income. This loan will cost you more than a loan where you document your income for the lender. The lender is relying solely on the amount of income you reported in your application to determine whether you have a reasonable ability to repay this loan.

In connection with the loan, you agree that:

1.   You understand that your loan has been approved based upon the amount of income you reported to the lender on your loan application, which was $ 41,396.00 monthly.

2.   The amount of income which you reported on your loan application is accurate.

3.   You understand that if your actual income is less than the amount you reported on your loan application, there is a significant risk that you may not be able to make your payments on the loan, and that you could lose your home through foreclosure.

**I AGREE:**

_____
L IVAN POBLETE                    Borrower

_____
                                  Borrower

_____
                     Borrower

_____
                                  Borrower

_____
                     Borrower

_____
                                  Borrower

_____
                     Borrower

_____
                                  Borrower

# EXHIBIT 2

# TO

# DEFENDANT AURORA LOAN SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# SETTLEMENT STATEMENT
Optional Form for Transactions without Sellers

OMB Approval No. 2502-0491
U.S. Department of Housing and Urban Development
Form HUD1-A (2/94) Ref. RESPA

| Name of Borrower(s):<br>L. IVAN POBLETE<br><br>Address:<br>4130 16TH STREET, NW<br>WASHINGTON, DC 20011-7004 | Name & Address of Lender:<br>LEHMAN BROTHERS BANK, FSB<br>400 PROFESSIONAL DRIVE<br>SUITE 500<br>GAITHERSBURG, MD 20879 |
|---|---|
| Property Location:<br>4130 16TH STREET, NW<br>WASHINGTON, DC 20011-7004 | Settlement Agent: CLOSELINE, LLC<br>TIN: ▓▓▓▓▓▓ |
| | Place of Settlement: 1300 PICCARD DR., SUITE L-105<br>ROCKVILLE, MD 20850 |
| Loan Number ▓▓▓▓ File Number: ▓▓▓▓ | Settlement Date: 1-29-2007<br>Disbursement Date: 2-2-2007 |

| L. SETTLEMENT CHARGES | | M. DISBURSEMENT TO OTHERS | |
|---|---|---|---|
| **800. Items Payable in Connection with Loan** | | **DOT/Mortgage Payoffs** | |
| 801. Loan Orig Fee 2.250% to RITTENHOUSE MORTGAGE BROKERS | 20214.00 | 1501. INDYMAC BANK | 730300.50 |
| 802. Loan Discount % to | | 1502. GMAC MORTGAGE | 182500.00 |
| 803. Appraisal Fee to JOHN PARSON (POC 300.00) | | 1503. | |
| 804. Credit Report to | | 1504. | |
| 805. Inspection Fee to | | **Property Tax/Ground Rent** | |
| 806. Mort. Ins. App. Fee to | | 1505. | |
| 807. Mort. Broker Fee to | | 1506. | |
| 808. TAX RELATED SERVICE FEE TO WESTLAKE SETTLEMENT | 112.00 | **Other Payments** | |
| 809. ADMINISTRATION FEE TO LEHMAN BROTHERS BANK, FSB | 465.00 | 1507. STATE TAX LIEN | 8536.00 |
| 810. MERS REGISTRATION FEE TO LEHMAN BROTHERS BANK, FSB | 4.95 | 1508. TXFR FROM 37709DC-HQ | -99551.12 |
| 811. FLOOD MONITOR/COMBIN FEE TO WESTLAKE SETTLEMENT | 15.00 | 1509. | |
| 812. YIELD SPREAD PREMIUM $7861.00 POC BY LENDER TO RITTENHOUSE MORTGAGE BROKERS | | 1510. | |
| 813. | | 1511. | |
| 814. AFTER CLOSING, LEHMAN BROTHERS MAY PAY TO THE BROKER ADDITIONAL COMPENSATION OF UP TO 0.125 PCT OF THE LOAN AMOUNT FOR SERVICES RENDERED. | | 1512. | |
| 815. | | 1513. | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | 1514. | |
| 901. Interest from 2-2-2007 to 2-1-2007 (-1 days @ 215.37 per day) | -215.37 | 1515. | |
| 902. Mortgage Ins. Prem. to | | 1516. | |
| 903. Hazard Insurance Prem. to STATE FARM (POC 1948.38) | 294.62 | 1517. | |
| 904. | | 1518. | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | 1519. | |
| 1001. Hazard Insurance 2 mos. @ 186.92 per mo. | 373.84 | 1520. | |
| 1002. Mort. Ins. Premium mos. @ per mo. | | 1521. | |
| 1003. City Prop. Taxes mos. @ per mo. | | 1522. | |
| 1004. County Prop. Taxes 7 mos. @ 483.50 per mo. | 3384.50 | 1523. | |
| 1005. Annual Asses. mos. @ per mo. | | 1524. | |
| 1006. mos. @ per mo. | | 1525. TOTAL DISBURSED | 821785.38 |
| 1007. AGGREGATE ADJUSTMENT mos. @ per mo. | -186.92 | | |
| **1100. TITLE CHARGES** | | **N. NET SETTLEMENT** | |
| 1101. Settlement Fee to CLOSELINE, LLC. | 295.00 | 1600. Loan Amount | 898400.00 |
| 1102. Title Search to CLOSELINE, LLC. | 195.00 | | |
| 1103. Title Exam. to CLOSELINE, LLC. | 530.00 | | |
| 1104. Title Binder to | | 1601. Plus Cash/Check from Borrower | 0.00 |
| 1105. Document Prep. to | | | |
| 1106. Notary Fee to | | 1602. Minus Total Settlement Charges | 29392.72 |
| 1107. Attorney's Fees to | | | |
| 1108. Title Insurance to TICOR TITLE INSURANCE COMPANY | 3656.10 | 1603. Minus Disbursements to Others | 821785.38 |
| 1111. Payoff Processing Fee | | | |
| 1112. RELEASE TRACKING FEE TO CLOSELINE, LLC. | 170.00 | 1604. Equals Total To Borrower | 47221.90 |
| 1113. COURIER TRACKING FEE TO CLOSELINE, LLC. | 85.00 | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording Fees | | | |
| 1202. City/County Tax | | Borrower(s) Signature | |
| 1203. State Tax | | | |
| 1204. | | | |
| 1205. | | | |
| 1206. | | L. IVAN POBLETE | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Survey | | | |
| 1302. Pest Inspection | | | |
| 1303. ALTA 8.1 (NO CHARGE) | | | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| L. IVAN POBLETE,        ) | |
|                           ) | |
|      Plaintiff,        ) | |
|                           ) | Case No.:  1:08-CV-00874 (RMU) |
|    v.                      ) | |

L. IVAN POBLETE,

     Plaintiff,

   v.

RITTENHOUSE MORTGAGE
BROKERS, INC., *et al.*,

     Defendants.

Case No.:  1:08-CV-00874 (RMU)

## <u>ORDER</u>

Upon consideration of Defendant Aurora Loan Services, LLC's Motion to Dismiss

Plaintiff's Complaint, any opposition thereto, and finding that good cause exists for granting the

motion, it is this _____ day of _____, 2008,

     **ORDERED** that said motion is **GRANTED**; and it is

     **FURTHER ORDERED** that plaintiff's Complaint is dismissed in its entirety as against

Defendant Aurora Loan Services, LLC.


                                               _____

                                             Richard M. Urbina
                                             United States District Judge

Copies to:

William S. Bach, Esq.
717 D Street, N.W., Suite 400
Washington, D.C. 20004

David M. Souders, Esq.
Sandra B. Vipond, Esq.
Weiner Brodsky Sidman Kider PC
1300 19th Street, N.W., Fifth Floor
Washington, DC  20036

Rittenhouse Mortgage Brokers
2101 Pine Street
Philadelphia, PA 19103

Closeline, LLC
1300 Piccard Drive, #L-105
Rockville, MD 20850