IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L. IVAN POBLETE,<br><br>    Plaintiff,<br><br>v.<br><br>RITTENHOUSE MORTGAGE<br>BROKERS, INC., *et al.*,<br><br>    Defendants. | Case No.: 1:08-CV-00874 (RMU) |

**DEFENDANT AURORA LOAN SERVICES, LLC'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff's untimely opposition to Aurora Loan Services, LLC's ("Aurora") motion to dismiss does nothing to salvage his deficient Complaint.[1] As explained below, plaintiff's response confirms that he is not entitled to maintain this action against Aurora.

1. In his opposition, plaintiff claims that "Rule 56(f) provides that this court 'may refuse the application for summary judgment.'" Opp. at 1. Not only is plaintiff's quoted language not contained anywhere in Rule 56(f), but Rule 56 is wholly inapplicable to Aurora's motion which seeks dismissal of the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The cases cited by plaintiff do not further his position since both pertain to the standards for ruling on summary judgment motions.

2. Other than claiming that he "needs a reasonable opportunity to complete discovery ... before responding to a summary judgment motion," Opp. at 1, plaintiff does not

---

[1] Pursuant to LCv R. 7(b), plaintiff's opposition was due on June 10, 2008. Plaintiff did not file his opposition until June 12, 2008, however.

attempt to address any of the arguments raised by Aurora in its motion to dismiss. Plaintiff does not assert that his fraud count is pled with sufficiently particularity, nor does he address Aurora's contention that his claim for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, is both time-barred and insufficiently pled.

3. Given plaintiff's failure to respond to Aurora's arguments, the Court should conclude that plaintiff has conceded that his Complaint cannot be maintained against Aurora.

Accordingly, for all the reasons set forth in Aurora's opening papers and herein, the Court should dismiss plaintiff's Complaint as against Aurora.

                                    Respectfully submitted,

                                    /s/ David M. Souders
                                    David M. Souders (DC Bar # 441491)
                                    Sandra B. Vipond (DC Bar # 465702)
                                    WEINER BRODSKY SIDMAN KIDER PC
                                    1300 19th Street, N.W., Fifth Floor
                                    Washington, DC  20036
                                    (202) 628-2000

                                    Attorneys for Defendant Aurora Loan Services, LLC

Dated:  June 19, 2008

F:\98012\039\lsbv670.brf(ReplyDismiss).doc

## CERTIFICATE OF SERVICE

I hereby certify on this 19th day of June, 2008, that the foregoing Defendant Aurora Loan Services, LLC's Reply Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint was filed electronically and served on the following counsel of record by operation of the Court's ECF system:

William S. Bach, Esq.
717 D Street, N.W., Suite 400
Washington, D.C. 20004

I further certify on this 19th day of June, 2008, that a copy of the foregoing was served on the following parties not registered with the Court's ECF system via first-class mail, postage prepaid:

Rittenhouse Mortgage Brokers
2101 Pine Street
Philadelphia, PA 19103

Closeline, LLC
1300 Piccard Drive, #L-105
Rockville, MD 20850

/s/ David M. Souders
David M. Souders (DC Bar # 441491)