**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| L. IVAN POBLETE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-0874 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 3, 18 |
| | : | | |
| RITTENHOUSE MORTGAGE BROKERS *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING DEFENDANT AURORA LOAN SERVICES, LLC'S MOTION TO DISMISS;
GRANTING THE PLAINTIFF'S ATTORNEY'S MOTION TO WITHDRAW

**I.  INTRODUCTION**

This matter is before the court on the motion to dismiss filed by defendant Aurora Loan Services, LLC ("Aurora") and the motion to withdraw filed by the plaintiff's attorney. The plaintiff is a dissatisfied mortgagor who seeks to hold the defendants liable for fraud and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq*. Defendant Rittenhouse Mortgage Brokers ("Rittenhouse") assisted the plaintiff with obtaining the initial mortgage on his property and defendant Aurora provided first and second lien loans to the plaintiff on the property. Because the plaintiff failed to plead fraud with particularity, the court grants Aurora's motion to dismiss the plaintiff's fraud claim. Because the plaintiff fails to respond to Aurora's arguments in favor of dismissing the plaintiff's RESPA claim, the court grants that part of the motion as conceded. Furthermore, because the withdrawal of the plaintiff's attorney would not have a disruptive impact, the court grants the motion to withdraw filed by the plaintiff's attorney.

1

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff owns property located in Washington, D.C.  Compl. at 1;[1] Def. Aurora's Mot. to Dismiss ("Def.'s Mot.") at 3.  Rittenhouse assisted the plaintiff in obtaining financing and Aurora provided the first and second lien loans on the property.  Def.'s Mot. at 3; Compl. at 2-3.  It is unclear from the plaintiff's complaint and the parties' submissions what role defendant Closeline, LLC ("Closeline") played in the process.  The plaintiff alleges that the "[d]efendants carried out a systematic scheme that affected minorities and individuals who lacked the full knowledge of real estate fees and true cash flow expectations."  Compl. at 3.  More specifically, the plaintiff alleges that he "was to receive a market interest rate and did not get the rate as quoted by the mortgage brokers," and that the "Bank failed to pay taxes causing [him] $10,000.00 in late fees and costs to avoid a tax sale of his home."  *Id.*

The plaintiff filed his complaint, through his then-attorney William Bach, on May 6, 2008, in the Superior Court for the District of Columbia, *see generally* Compl., and on May 22, 2008, Aurora removed the case to this court, *see generally* Notice of Removal.  Aurora filed its motion to dismiss on May 30, 2008.  *See generally* Def.'s Mot.  Bach, on the plaintiff's behalf, filed an opposition to the motion on June 12, 2008, *see generally* Pl.'s 1st Opp'n, to which Aurora replied on June 19, 2008, *see generally* Def.'s 1st Reply.

In March 2009, however, the court learned that Bach would be disbarred effective March 28, 2009.  *See In re Bach*, 966 A.2d 350 (D.C. 2009).  Accordingly, the court stayed the case until May 25, 2009, to provide the plaintiff with an opportunity to retain a new attorney or

---

[1]  Because some paragraphs in the complaint are numbered and others are not, the court cites to the complaint by page number.

decide to proceed *pro se*. *See* Minute Order (Mar. 19, 2009). The plaintiff failed to respond to that order and, on June 22, 2009, the court ordered the plaintiff to show cause, on or before July 6, 2009, why Aurora's motion should not be granted. *See* Order (June 22, 2009). On July 7, 2009, the plaintiff, through his new counsel Christopher Porco, filed a response to the court's order to show cause, *see* Response to Order to Show Cause, based upon which the court extended the stay until August 7, 2009, and gave the plaintiff until that date to file an opposition to Aurora's motion, *see* Minute Order (July 13, 2009). The plaintiff filed his opposition on August 7, 2009, *see generally* Pl.'s 2d Opp'n to Aurora's Mot. to Dismiss ("Pl.'s Opp'n")[2], to which Aurora replied on August 14, 2009, *see generally* Aurora's 2d Reply in Support of Mot. to Dismiss ("Def.'s Reply"). On November 18, 2009, Porco moved to withdraw his appearance in this case. *See generally* Mot. to Withdraw.

### III.  ANALYSIS

#### A.  The Court Grants Aurora's Motion to Dismiss

##### 1.  Legal Standard for a Rule 9(b) Motion to Dismiss

Rule 9(b) requires that a pleader state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b). Rule 9(b)'s particularity requirement ensures that the opponent has notice of the claim, prevents attacks on his reputation where the claim for fraud is unsubstantiated and protects him against a strike suit brought solely for its settlement value. *Shields v. Wash. Bancorp.*, 1992 WL 88004, at *4 (D.D.C. Apr. 7, 1992); *see also Kowal v. MCI*

---

[2]  Because the plaintiff's first opposition contains no substantive arguments, the court does not refer to it for the purposes of resolving this motion.

*Commc'ns Corp.*, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994) (observing that Rule 9(b) aims to prevent a claim filed as a "pretext for the discovery of unknown wrongs" (citation omitted)); *Vicom, Inc. v. Harbridge Merch. Servs.*, 20 F.3d 771, 777-78 (7th Cir. 1994) (recognizing that Rule 9(b) is largely designed to give each opponent notice of his purported role in the alleged fraud); *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) (same).

Because the rule is chiefly concerned with the elements of fraud, the circumstances that the claimant must plead with particularity include matters such as the time, place, and content of the false misrepresentations, the misrepresented fact and what the opponent retained or the claimant lost as a consequence of the alleged fraud. *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551-52 (D.C. Cir. 2002); *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981). In other words, Rule 9(b) requires that the pleader provide the "who, what, when, where, and how" with respect to the circumstances of the fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990), *cert. denied*, 498 U.S. 941 (1990) (requiring the pleader to provide the equivalent of a "first paragraph of any newspaper story"). Following the same line of reasoning, a pleading subject to Rule 9(b) scrutiny may not rest on information and belief, but must include an allegation that the necessary information lies within the opponent's control, accompanied by a statement of the facts on which the pleader bases his claim. *Kowal*, 16 F.3d at 1279 n.3.

That said, Rule 9(b)'s particularity requirement does not abrogate Rule 8's general requirements that a pleading contain a short and plain statement of the claim, and that each averment be simple, concise and direct. *Id.* at 1278 (citing *Cannon*, 642 F.2d at 1385); FED. R.

CIV. P. 8. Rule 9(b) simply requires the pleader to provide a higher degree of notice by adequately alleging all of the requisite elements for the cause of action invoked. *Alicke v. MCI Commc'ns Corp.*, 111 F.3d 909, 912 (D.C. Cir. 1997); *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002). Additionally, while the court must take as true all allegations of material fact and construe them in the light most favorable to the pleader in resolving a Rule 9(b) challenge, the pleader nevertheless must satisfy his burden by stating with particularity the supporting factual allegations for his claim. *Kowal*, 16 F.3d at 1278 (citing *Wool v. Tandem*, 818 F.2d 1433, 1439 (9th Cir. 1987)); *Shields*, 1992 WL 88004, at *7; *see also One-O-One Enters., Inc. v. Caruso*, 668 F. Supp. 693, 697-99 (D.D.C. 1987), *aff'd*, 848 F.2d 1283 (D.C. Cir. 1988) (explaining that the pleader must allege with particularity the alleged fraud to survive a Rule 9(b) motion).

### 3.  The Plaintiff Failed to Plead Fraud with Particularity[3]

Aurora argues that the plaintiff failed to state a legally cognizable claim of fraud because he did not plead his claim with particularity as required by Federal Rule of Civil Procedure 9(b). Def.'s Mot. at 5.  The plaintiff maintains that he has satisfied all the requirements of Rule 9(b). Pl.'s Opp'n at 2.

Rule 9(b) requires that "the circumstances [of the alleged fraud] that must be pleaded with specificity are matters such as the time, place, and contents of the false representations, such representations being the element of fraud about which the rule is chiefly concerned." *Totten*, 286 F.3d at 552 (internal citation omitted).  According to Aurora, the plaintiff fails to specify "what the alleged fraudulent representations were, . . . who made the statements, when they were made, where they were made, or how they were made."  Def.'s Mot. at 5.  The plaintiff responds that the "where" element is clearly satisfied because he provides the address of the location where closing occurred.  Pl.'s Opp'n at 2.  As to the "when," the plaintiff points to

---

[3]    In addition to attacking the plaintiff's fraud claim, Aurora maintains that the plaintiff's claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, is time-barred and fails to state a claim.  Def.'s Mot. at 7-8.  The plaintiff, in his opposition, makes no reference to his RESPA claim and offers no objection to Aurora's arguments in favor of dismissing that claim.  *See generally* Pl.'s Opp'n.  The court, accordingly, treats the RESPA claim as conceded and grants Aurora's motion to dismiss on that issue.  *See Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (specifying that "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded"); *see also Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (holding that a plaintiff's failure to respond to a motion to dismiss permits the court to treat the motion as conceded).  Aurora also points out that, although not a separate count in the complaint, the plaintiff does mention the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, *see* Compl. at 4, but Aurora argues that this would-be claim fails under Rule 9(b) as well, Def.'s Mot. at 6 n.3.  To the extent that the plaintiff has raised a RICO claim, the court grants as conceded Aurora's motion to dismiss that claim.

the Settlement Statement incorporated by reference in his complaint and attached to Aurora's motion, which indicates that settlement occurred on January 29, 2007. *Id.* (citing Def.'s Mot, Ex. 2). The plaintiff maintains that he fulfilled the "why" and "how" requirements by stating in the complaint that "families [who] entered into refinancing and purchases of their homes [were] not fully advised as to the real terms of the mortgage. Interest and fees were not as presented in the initial negotiations that were finally settled on." *Id.* The plaintiff further asserts that his allegation that Aurora was engaged in a mortgage scam with the other defendants, this further fulfills the "what" requirement. *Id.* Aurora responds that such allegations are too vague to satisfy the particularity requirement. Def.'s Reply at 2.

To survive a Rule 9(b) motion to dismiss, the complaint must include the "*content* of the false misrepresentations [and] *the fact misrepresented.*" *Kowal*, 16 F.3d at 1278 (emphasis added) (internal quotation omitted). The plaintiff's vague allegation that he and other families were victims of a mortgage scam in which "interest and fees were not as presented in the initial negotiations that were finally settled on," Compl. at 2, is insufficient to meet this heightened standard, *see e.g., U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1257-58 (D.C. Cir. 2004) (affirming that "obscure" claims alleging general and imprecise wrongdoing fail Rule 9(b)'s particularity requirement); *see also Whiddon v. Chase Home Finance, LLC*, 2009 WL 3297294, at *6 (E.D. Tex. Oct. 14, 2009) (dismissing a fraud claim, noting that where the plaintiff relied upon representations by his bank during settlement but failed to allege the specific content of the alleged misrepresentations in his complaint).

Although the plaintiff makes a few specific allegations in his complaint, these allegations do not rise to the level required by Rule 9(b). For instance, the plaintiff states in the complaint

that

> [d]efendant Lehman's Bank and Aurora Loan Services would arrange for mortgages for substantially more than the value of the property. Ivan's loans were $898,400.00 for [sic] first loan and a second deed of trust in the amount of $101,000.00. This was a 100% loan to an unqualified buyer and outrageous fees and charges at the time of closing were gorged from the borrower.

Compl. at 3. This statement, although certainly casting the defendants in a poor light, does not actually allege that they made any fraudulent statements. Similarly, the plaintiff's contention that "Bank failed to pay taxes causing Ivan $10,000.00 in late fees and costs," also alleges no specific fraudulent conduct.

In *Whiddon*, the plaintiff claimed that his mortgage lender, Chase Home Finance, LLC ("Chase") represented that it would obtain insurance on the plaintiff's home and that the payments would be escrowed. 2009 WL 3297294, at *1. Chase, however, failed to obtain the insurance and the plaintiff's home sustained over $800,000 in damages during a hurricane. *Id.* The court, in dismissing the plaintiff's fraud claim, explained that even though the plaintiff stated that "he relied upon Defendant, Chase[,] to place coverage based upon representations that it would be done," he still failed to identify "the specific content of the misrepresentations as required by Rule 9(b)." *Id.* at *7. Similarly here, although the plaintiff makes references to a "mortgage scam" and "systematic scheme" in which "hundreds of . . . families [who] entered into refinancing their homes [were] not fully advised as to the real terms of the mortgage," Compl. at 1, 2, the plaintiff does not identify what, specifically, he was promised and how those promises were fraudulent. Accordingly, the court grants Aurora's motion to dismiss.[4]

---

[4] The court recognizes that granting leave to amend a complaint is the generally accepted response when a plaintiff fails to plead fraud with particularity as required by Rule 9(b). *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). In this instance, however, the court has granted the plaintiff a number of extensions and opportunities to review and amend his submissions and

### B.     The Court Grants the Plaintiff's Attorney's Motion to Withdraw

Porco moves to withdraw as the plaintiff's attorney and states that the plaintiff has specifically requested such action.  Mot. to Withdraw at 1.  Neither the plaintiff nor Aurora responded to Porco's motion.

As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client.  *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987) (citations omitted).  The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court.  *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (citing *Fleming v. Harris,* 39 F.3d 905, 908 (8th Cir. 1994) and *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)).  When ruling on a motion to withdraw, courts may consider the disruptive impact that the withdrawal will have on the prosecution of the case.  *Coleman-Adebayo v. Johnson*, 2009 WL 3571359, at *1 (D.D.C. Nov. 2, 2009); *Laster v. District of Columbia*, 460 F. Supp. 2d 111, 113 (D.D.C. 2007).  Additionally, Local Civil Rule 83.6(d) guides the court's ruling on an attorney's motion to withdraw.  LCvR 83.6(d).  The rule provides that "[t]he court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly

---

arguments to the court.  *See* Minute Order (Mar. 19, 2009) (staying the case *sua sponte* in light of the disbarment of the plaintiff's original counsel and giving the plaintiff over two months to retain new counsel and decide how to proceed with his case); Order (June 22, 2009) (giving the plaintiff an opportunity to show cause why Aurora's motion should not be granted as conceded for his failure to comply with the deadlines set forth by the court on March 19, 2009); Minute Order (July 13, 2009) (granting the plaintiff's request for additional time to respond to the motion to dismiss based on his representations that his second attorney never entered an appearance and his third attorney, Porco, was working as quickly as possible on the plaintiff's behalf); *see also Shields v. Wash. Bancorporation*, 1992 WL 88004, at *5 (D.D.C. Apr. 7, 1992) (recognizing that dismissal is appropriate where the plaintiff has had an opportunity to cure the deficiencies in his pleadings).

prejudicial to any party, or otherwise not be in the interests of justice." *Id*.

Here, not only is the case not set for trial, the court, in this memorandum opinion, has disposed of the plaintiff's claims.[5] Furthermore, Porco alleges that his motion to withdraw is based on the plaintiff's request, and that he has complied with Local Civil Rule 83.6©). Mot. to Withdraw at 1-2. Accordingly, the court grants Porco's motion to withdraw.

### IV.  CONCLUSION

For the foregoing reasons, the court grants Aurora's motion to dismiss and grants the plaintiff's attorney's motion to withdraw. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 29th day of December, 2009.

RICARDO M. URBINA
United States District Judge

---

[5]  The court acknowledges that only Aurora has moved for dismissal, however, as the plaintiff appears to bring each claim against all defendants, *see generally* Compl., Aurora's arguments apply equally to each defendant. Accordingly, any fraud claim asserted against defendants Rittenhouse or Closeline also fails to meet Rule 9(b)'s particularity requirement. *See* Part III.A.2 *supra*. The plaintiff has likewise conceded Aurora's arguments regarding the dismissal of his RESPA and possible RICO claims. *See id.* n.3 *supra*. Moreover, the plaintiff has failed to file proof of service on defendants Rittenhouse and Closeline. *See* FED. R. CIV. P. 4(m) (requiring that defendants be served within 120 days of the filing of a civil complaint).